UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAVEN BIENEMY AND<br>DAVID BIENEMY, SR. | CIVIL ACTION |
| VERSUS | No. 09-6647 |
| CONTINENTAL CASUALTY CO.<br>B.A.H. EXPRESS, INC., ET AL | SECTION "B" (2) |

## ORDER AND REASONS

Before the Court is Plaintiffs Javen Bienemy and David Bienemy Sr.'s("Plaintiffs") Motion to Remand(Rec. Doc. No. 3).Contintental Casualty Company, B.A.H. Express, Inc. ("Defendants")filed a Memorandum in Opposition to said motion(Rec. Doc. No. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**.

## BACKGROUND

This case arises from an auto accident on or about July 21, 2008 at approximately 8:45 p.m., Plaintiffs were traveling in an Easterly direction on I-610, in the left lane as David Bienemy was the owner and operator of the 2004 Chevy Tahoe, which at all times relevant herein had the right of way, that Defendant, Anthony Steve Anderson was operating the 2006 Greatdane Trailer in the middle lane, coming over into Plaintiffs' lane of travel causing contact, resulting in personal injuries to both plaintiffs, as well as property damage.

1

On or about August 27, 2008 at approximately 1:15 p.m., Plaintiff, David Bienemy, Sr. was operating a 2004 Chevrolet Tahoe with passenger Javen Bienemy, while traveling in a Southerly direction on Forshey Street. As the Plaintiffs traveled South, Jane Favrot, while operating a 2005 Lexus RX 330, ran a stop sign at the intersection of Forshey and Leonidas Street, crashing into the Plaintiffs' vehicle, resulting in personal injuries to both plaintiffs, as well as property damage.

Plaintiffs show that the two accidents described above were so proximate in time that it is nearly impossible to distinguish which accident caused which injuries and the extent of those injuries; consequently, it is necessary to join the two actions to establish complete recovery.

**A. Notice of Removal; Timing**

Since the exercise of jurisdiction raises federalism concerns, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries* 97 F.3d 100, 106 (5th Cir. 1996). Failure to file a timely notice of removal requires the district court to remand the matter to state court. *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982). 28 U.S.C. §1446(b) provides a statutory time limit of 30 days to remove an action. It states in pertinent part:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty

> days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Here, Plaintiffs argue that removal was untimely because 28 U.S.C. § 1446(b) requires a defendant to file a notice of removal within thirty days after receipt of a copy of the initial pleading setting forth plaintiffs' claim. Defendant, Continental Casualty Company was served with the lawsuit on July 28, 2009. Defendant, B.A.H. Express, Inc. was served via Long Arm Statute on August 4, 2009. Defendants did not file the Notice of Removal until October 2, 2009, nearly 2 months after B.A.H. was served and over two months after its insurer was served.

Defendants claim that the initial pleading does not affirmatively reveal on its face that plaintiffs are seeking damages in excess of the minimal jurisdictional amount. Defendants claim the first "hint" that Plaintiffs' claims might exceed the jurisdictional threshold emerged on or about September 2, 3009 when Plaintiffs' response to Request for Admissions indicated that the damages exceeded $ 75,000 .

Section 1446(b) governs the timeliness of removal. It requires a defendant to file a notice of removal within thirty days after receipt of a copy of the initial pleading setting forth plaintiffs' claim. *See* 28 U.S.C. § 1446(b); *See also Chapman v. Powermatic,*

*Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)(thirty day time period starts to run "only when the pleading affirmatively reveals on its face that plaintiffs are seeking damages in excess of the minimum jurisdictional amount of the federal court"). However, it also provides:

> If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which or has become removable...

28 U.S.C. § 1446(b).

After reviewing Plaintiffs' petition for damages, the Court finds that it is not facially apparent that the amount in controversy exceeds the federal jurisdictional threshold. *See Seaman v. Tetra Applied Techs.*, 2000 WL 222851, at *2 (E.D.La. Feb. 18, 2000) ("These allegations are 'fairly vanilla' and in no way indicate the severity of Plaintiffs' injuries. The amount in controversy is, therefore, not facially apparent from the complaint."); Allison v.. Allstate Ins. Co., 1997 WL 31175, at * -3 (W.D.La. Jan. 22, 1997). Accordingly, Plaintiffs' suit was not removable until Defendants were apprised by some "other paper" that the claim satisfied the jurisdictional amount. When Defendants received Plaintiffs' answer to a Request for Admissions to the

other Defendant, Liberty Mutual Insurance Company on or about September 3, 2009. That is when the thirty-day clock started. *Chapman,* 969 F.2d at 164 ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an "other paper."). Therefore, as Defendants filed the petition for removal on October 2, 2009, the Court finds the case timely removed.

**B. Removal and Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F .3d 912, 916 (5th Cir.2001). Here, the removing defendant has not met its burden. Accordingly, this court lacks diversity jurisdiction and remand is required.

The removal statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis,* 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id.* Similarly, in a case with multiple plaintiffs and/or multiple defendants, complete diversity is required. Id.; Exxon v. Allapattah, 545 U.S. 546, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

On August 27, 2008, Jane Favrot allegedly ran a stop sign and struck a vehicle occupied by plaintiffs. The Petition for Damages names Jane Favrot as a defendant. It is undisputed that Plaintiffs are citizens of Louisiana. It is further undisputed that at least one of the Defendants, Jane Favrot is a Louisiana resident for purpose of removal and diversity jurisdiction. Defendants argue that the presence of this non-diverse defendant should be

disregarded because the Louisiana defendant was fraudulently misjoined.

**C. Improper or Fraudulent Joinder**

As the party invoking the court's jurisdiction, Defendants bears the burden of establishing federal subject matter jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). The Fifth Circuit has recognized two ways for the removing party to establish improper or fraudulent joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir.2004) *(en banc) citing Travis v. Irby,* 326 F.3d 644 (5th Cir.2003) *citing Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999). The removing party's burden of proving improper joinder is "heavy." *Smallwood,* 385 F.3d at 574. Here, Defendants do not contend that there was any fraud in the pleading of jurisdictional facts nor do they contend that the plaintiffs have no reasonable basis for recovery against the other defendant. Thus, Defendants have failed to carry their burden under either of the two methods for establishing improper joinder under *Smallwood*.

**D. Fraudulent Misjoinder of Claims**

In an attempt to avoid remand under *Smallwood,* Defendants argue that the claims asserted by plaintiffs against Jane Favrot were "fraudulently misjoined." Hence, Defendant would suggest that this Court should sever the claims against those defendants, remand the claims against the non-diverse defendants, and retain jurisdiction over plaintiffs' claims against the remaining defendants.

The concept of improper misjoinder of claims was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds sub nom, Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000). In *Tapscott,* the Eleventh Circuit held that the misjoinder of "wholly distinct" claims, measured under the standards of Rule 20, FRCP, against two groups of unrelated defendants, one group diverse, and the other group non-diverse and having "no real connection with the controversy," could not defeat the diverse defendants' right of removal. *Tapscott,* 77 F.3d at 1360. The court noted, however, that mere misjoinder of claims does not rise to the level of improper misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder. *Id.*

In *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir.2004), an *en banc* Fifth Circuit decision that identified only two methods of establishing improper joinder,

8

actual fraud in the pleading of jurisdictional facts and the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court. There is no mention of *Tapscott*-type improper joinder as an acceptable method of establishing improper joinder in *Smallwood*. This omission was recognized by the Eastern District in *Schwartz v. Chubb & Sons, Inc.,* 2006 WL 980673, *4 (E.D.La.2006); *See also Richmond v. Chubb Group Insurance Companies,* 2006 WL 2710566, *6 (E.D.La.2006) (citing and concurring with the reasoning of *Schwartz* and noting that " *Tapscott* may not be a recognized type of improper joinder in the Fifth Circuit"); *Bernstein v. Allstate Insurance Company,* 2007 WL 496857, *3 (E.D.La.2007) (same).

Even if misjoinder under Rule 20 would allow Defendants the relief it seeks here, any misjoinder here is not sufficiently egregious to constitute improper joinder under *Tapscott.* The courts which have applied *Tapscott's* "fraudulent misjoinder" principle have consistently observed that "mere misjoinder" does not constitute "fraudulent misjoinder". *See Juneau v. Ducote,* 2005 WL 2648861, *4 (W.D.La.2005); *Bright v. No Cuts, Inc.,* 2003 WL 22434232, *4 (E.D.La.2003) and cases cited therein. Even under *Tapscott* the misjoinder must be "egregious" before relief is granted.[1] This has been recognized in prior cases by this Court,

---

[1] *See also Turner v. Murphy Oil,* 2007 WL 2407310, *6 (E.D.La.2007); *Windhorst v. State Farm,* 2008 WL 170054, *3

both by the undersigned and by Judge Trimble. *Shamieh, et al. v. American Interstate Insurance Company, et al.,* 2:06-0242 (W.D. La. 2006); *Gunderson v. F.A.Richard & Associates, et al.,* 2:04-1242 (W.D. La. 2005). Even courts that follow *Tapscott* have not applied that case unless the connection between the claims against the individual parties is so tenuous that disregarding the citizenship of the joined parties is just, or when there is no "palpable connection" between the claims and parties joined. *Bright,* 2003 WL 22434232 at *5, and cases cited therein.

Defendants further argue that the claims against the diverse defendants have been improperly cumulated in violation of the Louisiana Code of Civil Procedure and that therefore they are misjoined. *See* La. Code Civ. Pro. Art. 463. However, both the Eleventh Circuit in *Tapscott* and the district courts in this circuit have analyzed the question of fraudulent misjoinder under Rule 20 FRCP, and not under state joinder (cumulation) rules. *See Tapscott, Juneau* and *Gunderson, supra.; See also Triggs v. John*

---

(E.D.La.2008); *Dufrene v. Hanover Insurance,* 2007 WL 4180584, *1 (E.D.La.2008); *Lichtfuss v. Encompass Insurance,* 2007 WL 708779, * 3 (E.D.La.2007); *Faler v. Allstate Insurance Co.,* 2007 WL 781341, *3 (E.D.La.2007); *Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791, *6 (E.D.La.2006); *In re Silica Products Liability Litigation,* 398 F.Supp.2d 563, 651 and 656-657 (S.D.Tex.2005); *Schuchmann v. Miraglia,* 2004 WL 2626532, *3 (N.D .Tex.2004); *Walton v. Tower Loan,* 338 F.Supp.2d 691, 695 (N.D.Miss.2004); *Delaney v. Bank of America Corp.,* 2004 WL 1553518, *3 (N.D.Miss.2004); and *Mohamed v. Mitchell,* 2006 WL 212218, *1 (N.D.Miss.2006).

*Crump Toyota, Inc.* 154 F.3d 1284 (11th Cir.1998) (analyzing a claim of fraudulent misjoinder under Rule 20, FRCP); *Lichtfuss v. Encompass Insurance*, 2007 WL 708779, * 3 (E.D.La.2007); *Faler v. Allstate Insurance Co.,* 2007 WL 781341, *3 (E.D.La.2007). The research of the undersigned reveals that among those federal district courts that have applied *Tapscott,* the question of whether a claim of improper joinder under *Tapscott* should be analyzed under state joinder rules or Rule 20 FRCP is unsettled. The undersigned finds it unnecessary to decide the issue here because, even if *Tapscott* applies, this case does not present an example of "egregious" misjoinder.

The test for permissive joinder under Rule 20, FRCP, can be paraphrased as "(1) whether there is a logical relationship between the claims, and (2) whether there is any overlapping proof or legal question." *DIRECTV, Inc. v. Vanryckeghem,* 2004 WL 1794521, *2 (E.D.La.2004) (citations omitted).

Rule 20 does not require that all questions of law or fact in the action be common among the parties; rather, the rule permits joinder whenever there is at least one common question of law or fact. *Guedry v. Marino,* 164 F.R.D. 181, 184 (E.D.La.1995).

To the extent that Defendants argue that the joinder of the claims asserted herein was improper under Rule 20, that argument is unpersuasive. The complaint of joinder, at least on its face,

meets the requirements of Rule 20. The claims asserted by plaintiffs herein center on two accidents that were so proximate in time that it is impossible to distinguish which accident caused which injuries and the extent of those injuries, consequently it was necessary to join the two actions to establish complete recovery. The logical relation between these claims which necessarily involve overlapping factual and legal issues common to all parties defendant.

In the instant case, joinder of the claims against the non-diverse defendants is not tenuous, and there is more than a palpable connection between the claims and parties joined. The claim for damages asserted by the plaintiffs in this suit is for the overall damage to her as a result of both car accidents. While the cause of the injuries may stem from different sources, (the first or second car accident) the overall injuries itself are a quantifiable singular sum which may be apportioned among the defendants according to their individual responsibility for those damages. Further, The question of how the plaintiffs' damages are to be apportioned among the defendants is a factual question which will be resolved by the trier of fact after presentation of evidence as to the causation of each item of damages claimed by plaintiffs. Thus, there are overlapping common factual and legal issues.

It makes sense that this allocation be made in a single lawsuit in a single forum. Indeed, to sever the claims as Defendants suggests would result in piecemeal litigation of overlapping factual and legal issues which might well result in inconsistent judgments, or judgments which over-compensate or under-compensate the plaintiffs for the their damages. In light of the above, the joinder of claims and parties in this case is not "egregious", and therefore, even under *Tapscott,* remand is required.

The Court notes that this ruling will not preclude the defendants from seeking severance in state court after the case has been remanded.[2] If the state court holds that the cumulation is improper and orders a severance, and if removal is still timely, any diverse defendant may at that time be able to properly remove their respective cases on the ground that while

---

[2] This court expresses no view as to whether under Louisiana law the claims and parties were properly cumulated herein. That is a question to be resolved by the state court. However, at least one Louisiana appellate court has found that when the "central issue" in the case is "to determine which defendant is responsible for what part of the damage" to plaintiff's automobile, the plaintiff properly joined different causes of action against different defendants under separate theories of tort and contract (insurer of the third party tortfeasor for damages to the plaintiff's automobile as a result of a collision, insurer of the tow truck operator who caused additional damage to the plaintiff's automobile during towing from the accident scene to the repair shop, the auto repair shop which allegedly did faulty repair work on the auto and plaintiff's own collision insurer), because "[a]lthough the potential liability of the three ... defendants is based on three separate causes of action, the facts relating to each separate incident and transaction will necessarily be considered in determining the respective liabilities." *Miller v. Commercial Union Companies,* 305 So.2d 560, 562-563 (La.App. 2nd Cir.1974).

the case was not initially removable, the case became removable. *See Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529 (5th Cir.2006); *see also Griffith v. Louisiana Citizens Coastal Plan,* 2007 WL 933510, *3 (W.D.La.2007), *citing Crockett* (finding it "unnecessary to adopt a fraudulent misjoinder doctrine ... [because t]here is no impediment to simply requiring the defendant to raise the issue of improper joinder in the state court."); *Booth v. Louisiana Citizens Coastal Plan,* 2007 WL 933665, *3 (W.D.La.2007).

Indeed, remand to state court for determination of misjoinder issues comports with the recommendation of professors Wright and Miller who opine that the removing party challenge the misjoinder in state court before seeking removal. 14B, Wright, Miller & Cooper, Federal Practice & Procedure 3d, § 3723 at 658; *See also Osborn v. Metropolitan Life Insurance Co.,* 341 F.Supp.2d 1123, 1127 (E.D.Cal.2004) (finding the "better rule" was to require the claimed misjoinder be resolved in state court, and then, if that court severed the case and diversity then existed, seek removal of the case to federal court.").

Accordingly,

The Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 21st day of January, 2010.

United States District Judge